**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02443-RM-STV
    Consolidated with 19-cv-02637-RM-STV

**Derivatively:**
HSIN-YI WU, and QI QIN,
IN THEIR CAPACITY AS LIMITED PARTNERS OF
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

    Plaintiffs

v.

COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

    Nominal Defendant,

and

**Directly:**
HSIN-YI WU, JUN LI, QI QIN, YI LIU, JIE YANG, YUQUAN NI,
ZHONGZAO SHI, FANG SHENG, SHUNLI SHAO, KAIYUAN WU,
ZHIJIAN WU, ZHONGWEI LI, SA WU, FAN ZHANG, LIN QIAO,
JINGE HU, RUJUN LIU, YING XU, LU LI, CAO XIAOLONG,
and YUWEI DONG,

    Plaintiffs,

v.

COLORADO REGIONAL CENTER LLC,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I LLC,
PETER KNOBEL,
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, and
ALL PRINCIPALS AND ULTIMATE OWNERS OF BUSINESS ENTITIES PURSUANT TO
PIERCING OF THE LIMITED LIABILITY VEIL,

    Defendants.

Civil Action No. 19-cv-02637-RM-STV ("Cui Plaintiffs")

DIANWEN CUI, LEI GU, SUFEN LENG, XUE MEI, ZHOU MEI,
YAN SONG, LU WANG, YUE WU, ZHUO YANG, JINGWEN ZHANG,
LEI ZHANG, LING ZHANG, XIAOHONG ZHANG, QIN ZHOU,
XUN ZHU, and CHUNYI ZOU,

    Plaintiffs,

v.

WAVELAND VENTURES LLC,
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I, and
PETER KNOBEL,

    Defendants.

---

## ORDER REGARDING SUBJECT MATTER JURISDICTION

---

At issue before the Court is its subject matter jurisdiction. The parties have briefed the issue and the Court held a hearing on June 7, 2021. After considering the court record, the parties' arguments, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

### I.     BACKGROUND[1]

Li Plaintiffs and Cui Plaintiffs[2] (collectively, "Plaintiffs"), limited partners in Colorado Regional Center Project Solaris LLLP ("CRCPS"), filed their respective actions, now consolidated, before this court. Their complaints alleged federal securities law claims[3] and state law claims; they alleged the Court had federal question jurisdiction, diversity jurisdiction, and

---

[1] The Court assumes the reader is familiar with the lengthy background which precedes this Order.
[2] Li Plaintiffs are those in Civil Action No. 19-cv-02443. Cui Plaintiffs are those in Civil Action No. 19-cv-02637.
[3] Cui Plaintiffs also had a claim under 15 U.S.C. § 80a (registration as an investment company) against CRCPS which has been withdrawn. (ECF No. 190, p. 26 (Count IV); No. 271, pp. 7-8.)

supplemental jurisdiction.[4] At various points in time, Plaintiffs identified CRCPS as not only a nominal defendant (on their derivative claims) but also a defendant (against whom direct claims were made). Colorado Regional Center I, LLC ("CRC I"), CRCPS's general partner, filed a counterclaim against Li Plaintiffs. That counterclaim has now voluntarily been dismissed.

Many motions were filed, including motions to dismiss. By Order on Pending Motions, after disregarding various claims which Plaintiffs voluntarily dismissed or conceded as subject to dismissal, the Court dismissed all remaining claims in this consolidated action except (1) Li Plaintiffs' Count III (derivative – breach of contract against SPO I); and (2) Cui Plaintiffs' Counts VI (derivative – breach of contract against SPO I) and VII (derivative – against SPO and SPO I for declaratory relief).[5] Also in that order, in light of the dismissal of the federal claims, the Court raised *sua sponte* whether diversity jurisdiction exists and, if not, whether the Court should retain supplemental jurisdiction over the remaining state law claims.

The Court held a hearing on the issue of its subject matter jurisdiction, along with other issues. The parties' positions were, in some instances, diametrically opposed to each other. After careful review, the Court agrees with the SPO Defendants[6]: the Court does not have diversity jurisdiction and will decline to exercise supplemental jurisdiction over the remaining state law claims.

---

[4] What Plaintiffs alleged depended on the complaint. For example, in Li Plaintiffs' original complaint, which was a direct action with no derivative claims, they alleged diversity and federal question jurisdiction. (ECF No. 1.) In subsequent complaints, after they raised derivative claims on behalf of CRCPS, Li Plaintiffs relied also on supplemental jurisdiction. (ECF Nos. 121, 222.)

[5] The Order on Pending Motions also left in place Cui Plaintiffs' Count VII against CRCPS. Cui Plaintiffs, however, have recently advised that Count VII is *not* directed – and never has been – against CRCPS. The Court will therefore dismiss Count VII, without prejudice, as to CRCPS.

[6] The SPO Defendants are Solaris Property Owner LLC ("SPO"), Solaris Property Owner I ("SPO I"), and Peter Knobel.

## II.     DISCUSSION

### A. Federal Question and Supplemental Jurisdiction

No one disputes the Court had federal question jurisdiction. The Li Plaintiffs' motion/response on the issue of supplemental jurisdiction is not a model of clarity. What is clear, however, is that, after alleging the Court had supplemental jurisdiction, Li Plaintiffs fail to defend that position. Instead, Li Plaintiffs now assert the Court never had supplemental jurisdiction and, therefore, lacks jurisdiction over the state law claims, including those which it has already dismissed. The Court finds otherwise.

Section 1267(a) of 28 U.S.C. provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  The question of whether the federal and state claims form "the same case and controversy" depends on whether they "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). "[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *Id.* In this case, contrary to Li Plaintiffs' after-the-fact arguments, the federal and state claims "derive from a common nucleus of operative facts," namely, the limited partners' investment of millions of dollars in CRCPS (based on allegedly false or fraudulent representations), and the subsequent loan of such funds (with allegedly overvalued collateral), which the borrower has wrongfully failed to properly repay. Accordingly, supplemental jurisdiction exists over the state law claims.

### B. Diversity Jurisdiction and Alignment of CRCPS

Under the general rule, the court determines the parties' citizenship as of the time the complaint was filed. *Symes v. Harris*, 472 F.3d 754, 758-59 (10th Cir. 2006). The issue of whether the Court has diversity jurisdiction depends on whether CRCPS should be aligned as a plaintiff or defendant. "Corporations are generally aligned as nominal defendants in derivative suits. When determining whether diversity jurisdiction exists, however, courts are not bound by this practice or by the party alignment set forth in the pleadings." *Symes*, 472 F.3d at 761. Instead, courts are to "attempt to determine the parties' actual interests," *id.*, from reviewing the pleadings and the nature of the controversy. *Smith v. Sperling*, 354 U.S. 91, 95-96 (1957). Where the corporation is adverse to the plaintiff's derivative suit, the corporation should not be aligned as a plaintiff. *Symes*, 472 F.3d at 761. There is antagonism – and therefore the parties' interests are adverse – "whenever the management is aligned against the stockholder and defends a course of conduct which he attacks. The charge normally is cast in terms of fraud, breach of trust, or illegality." *Smith*, 354 U.S. 96.

In this case, it is readily apparent that Plaintiffs (the limited partners) and CRCPS are adverse. The management of CRCPS lies in the general partner. Although Plaintiffs dispute whether CRC I is still the general partner, CRC I has taken – and apparently continues to take – actions with which Plaintiffs take exception. (*See* ECF Nos. 322, 325, 326.) Regardless, the record shows, at the time of the filing of this action – and currently – Plaintiffs' interests are antagonistic to CRC I's interests. For example, Li Plaintiffs allege they demanded CRCPS/CRC I to take action against the borrower to collect on the loan but they declined to do so. And Cui Plaintiffs allege that demand on CRC I to take action would be futile. In fact, Plaintiffs allege

that CRC I, and other CRC Defendants,[7] engaged in various wrongful conduct including breach of fiduciary duty. Accordingly, CRCPS should be aligned with Defendants.

With CRCPS aligned as a Defendant, there is no diversity jurisdiction. CRCPS is an unincorporated association and, therefore, takes the citizenship of all its partners – limited and general. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("an unincorporated entity's citizenship is typically determined by its members' citizenship"). Plaintiffs, however, are CRCPS's limited partners. Accordingly, diversity jurisdiction does not exist.

### C.  Supplemental Jurisdiction

"'When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.'" *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)). *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … (3) the district court has dismissed all claims over which it has original jurisdiction."). The only claims remaining are for breach of contract and declaratory relief as to certain agreements. Accordingly, the Court exercises its discretion and declines to exercise supplemental jurisdiction over these remaining claims.

### D.  Other Matters

During the hearing, the Order to Show Cause (ECF No. 292) was discharged as to CRC and made absolute as to Rick Hayes. Accordingly, Rick Hayes is DISMISSED WITHOUT PREJUDICE.

---

[7] CRC Defendants are Colorado Regional Center LLC ("CRC"), Colorado Regional Center I, LLC, and Waveland Ventures, LLC.

There is one remaining pending matter before the Court – CRC Defendants' Motion for Fees, as prevailing parties. The Court will issue an order on that motion shortly.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That Cui Plaintiffs' Count VII as against CRCPS is hereby DISMISSED WITHOUT PREJUDICE;

(2) That Defendant Rick Hayes is DISMISSED WITHOUT PREJUDICE;

(3) That Li Plaintiffs' Motion to Dismiss (ECF No. 272) is DENIED;

(4) That, pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over the remaining state law claims;

(5) That the following claims are DISMISSED WITHOUT PREJUDICE: (a) Li Plaintiffs' Count III (derivative – breach of contract against SPO I) and (b) Cui Plaintiffs' Counts VI (derivative – breach of contract against SPO I) and VII (derivative – against SPO and SPO I for declaratory relief);

(6) That the Clerk shall enter JUDGMENT in favor of CRC Defendants and against the Li Plaintiffs and Cui Plaintiffs in accordance with this Order Regarding Subject Matter Jurisdiction, the Court's oral order of June 7, 2021, and the Order on Pending Motion (ECF No. 271);

(7) That the Clerk shall enter JUDGMENT in favor of SPO Defendants and against Li Plaintiffs and Cui Plaintiffs in accordance with this Order Regarding Subject Matter Jurisdiction, the Court's oral order of June 7, 2021, and the Order on Pending Motion (ECF No. 271);

(8) That the Clerk shall enter JUDGMENT in favor of Defendant Rick Hayes and against Cui Plaintiffs in accordance with the Court's oral order of June 7, 2021 and this Order Regarding Subject Matter Jurisdiction;

(9) That Li Plaintiffs' Motion Under Fed. R. Civ. P. 54(b) (ECF No. 329) is DENIED AS MOOT;

(10) That the Clerk shall also docket a copy of this Order in Civil Action No. 19-cv-02637; and

(11) That the Clerk shall CLOSE this case and Civil Action No. 19-cv-02637.

DATED this 14th day of June, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge